## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03501-RBJ

LIBERTY GLOBAL, INC.,

      Plaintiff,

v.

UNITED STATES OF AMERICA,

      Defendant.

---

## UNITED STATES' ANSWER

---

The United States hereby answers Plaintiff's complaint as follows.  All allegations not specifically admitted are denied.  *See* Fed. R. Civ. P. 8(b)(3).  "Plaintiff" and "LGI" are used interchangeably to refer collectively to Liberty Global, Inc. and its consolidated subsidiaries.

### NATURE OF THE ACTION

1.     ***Plaintiff's allegation***:  This is an action arising under the Internal Revenue Code of 1986, as amended and codified in Title 26 of the United States Code, for recovery of $104,487,574 in federal income taxes, $2,175,147 in penalties, and $2,627,128 in interest erroneously collected with respect to LGI's tax year ending December 31, 2018 (the "2018 Tax Year"), plus interest thereon as provided by law.

    ***United States' answer***:  Admits Plaintiff seeks a refund but denies any taxes, additions to tax, or interest were wrongly collected by the United States.

## JURISDICTION AND VENUE

2.      ***Plaintiff's allegation***:  This Court has jurisdiction over this matter pursuant to 26 U.S.C. § 7422 and 28 U.S.C. § 1346(a)(1).

***United States' answer***:  Admits.

3.      ***Plaintiff's allegation***:  Prior to the filing of this Complaint, LGI has made full payment of all U.S. federal income tax liabilities that the government has assessed for LGI's 2018 Tax Year.  *See Flora v. United States*, 362 U.S. 145 (1960).

***United States' answer***:  Admits that Plaintiff has paid all taxes, additions to tax, and interest that have been assessed for the 2018 tax year.  But denies for lack of knowledge whether Plaintiff has fully paid all taxes for 2018 that are properly due and owing.  The United States further avers that the limitations period for assessing potential additional taxes has not expired. *See* 26 U.S.C. § 6501.  Plaintiff filed the instant case before the IRS had completed its examination of Plaintiff's 2018 amended income tax return.  Plaintiff had declined to provide responses to all of the IRS's requests for information that had been made before the suit was filed, informing the IRS that it disputed the appropriateness of the requests and believed the matter was "best handled as part of the upcoming refund litigation."  (Letter of Oct. 29, 2020.) Therefore, Plaintiff appears to recognize that this litigation will necessarily be conducted in conjunction with the IRS's determination whether additional taxes, additions to tax, or penalties may be owed.  If the IRS were to determine that a deficiency should be assessed, the Commissioner would be authorized to send a notice of deficiency to Plaintiff.  *See* 26 U.S.C. § 6212(a).  A deficiency notice would trigger a 90-day period in which Plaintiff could file a petition in the U.S. Tax Court.  *See* 26 U.S.C. §§ 6213(a), 6212(c)(1).  During that period, by

operation of law, the instant case would be stayed, and if Plaintiff chose to pursue the matter in

the Tax Court, this Court would lose its jurisdiction to whatever extent jurisdiction is acquired by

the Tax Court of the subject matter of the refund suit.  26 U.S.C. § 7422(e).  If Plaintiff chose not

to pursue such a matter in the Tax Court, the Commissioner would then assess that deficiency.

26 U.S.C. § 6213(c).  Alternatively, so long as authorized by the Secretary of the Treasury, the

United States may file a permissive counterclaim in this Court for such additional taxes,

additions to tax, penalties, and interest.  *See* 26 U.S.C. §§ 7401, 7402, 7422(e).

    4.    ***Plaintiff's allegation***:  LGI has complied with the statutory requirements of

exhausting its administrative remedies.  *See* 26 U.S.C. §§ 6532, 7422.  On December 23, 2019,

LGI timely filed an amended 2018 tax return seeking a refund of taxes paid (the "<u>Claim for

Refund</u>").  The Internal Revenue Service ("<u>IRS</u>") has not paid any refund or otherwise acted on

the Claim for Refund.  More than six months have expired since LGI filed the Claim for Refund.

26 U.S.C. § 6532(a)(1).

    ***United States' answer***:  Admits the second and fourth sentences.  As to the first and third

sentences, admits that Plaintiff has complied with the statutory prerequisites for invoking this

Court's subject matter jurisdiction to hear a refund suit; admits that the IRS did not grant or deny

the claim for refund; admits that the IRS has not paid any refund as requested in the 2018

amended income tax return; but denies that the IRS has not acted on the claim for refund

requested in its 2018 amended income tax return in that, as described in paragraph 3, it was

actively examining the claim for refund at the time Plaintiff filed the Complaint.  Denies any

remaining allegations.

5.      *Plaintiff's allegation*:  Venue for this action properly lies in this District pursuant to 28 U.S.C. § 1402(a)(2).

*United States' answer*:  Admits.

## PARTIES

6.      *Plaintiff's allegation*:  LGI is a corporation organized under the laws of the State of Delaware with a principal place of business at 1550 Wewatta Street, Suite 1000, Denver, Colorado 80202.  LGI's Employer Identification Number is 46-1947033.

*United States' answer*:  Admits.

7.      *Plaintiff's allegation*:  LGI is the common parent of an affiliated group of corporations, as defined by 26 U.S.C. § 1504(a)(1).  The LGI consolidated group uses a calendar year as its taxable year for U.S. federal income tax purposes.  For convenience, we refer to the LGI consolidated group as LGI in this Complaint.

*United States' answer*:  Admits.

8.      *Plaintiff's allegation*:  LGI is wholly owned by Liberty Global plc ("Liberty Global"), a U.K. public limited company.

*United States' answer*:  Admits.

9.      *Plaintiff's allegation*:  Liberty Global, LGI, and their affiliates operate one of the world's largest telecommunications businesses, providing broadband, cable, and communications services to millions of customers.

*United States' answer*:  Admits that Liberty Global, LGI, and their affiliates operate a telecommunications business that provides broadband, cable, and communications services to millions of customers, but denies all remaining allegations for lack of knowledge.

10.     ***Plaintiff's allegation***:  Defendant is the United States of America.

***United States' answer***:  Admits.

## FACTUAL ALLEGATIONS

**Issue 1:  The Section 245A Deduction**

11.     ***Plaintiff's allegation***:  The primary issue in this case is whether LGI is entitled to claim a deduction on its 2018 corporate income tax return under 26 U.S.C. § 245A (the "Section 245A Deduction").[1]  The Section 245A Deduction is allowed when a corporate taxpayer, such as LGI, recognizes certain types of income.

***United States' answer***:  As to the first sentence, admits that the primary issue that Plaintiff intends to raise in this proceeding is whether it is entitled to a Section 245A Deduction, and denies for lack of knowledge any remaining allegations.  As to the second sentence, admits that a Section 245A Deduction may be allowed in appropriate circumstances and otherwise avers that the characterization is a conclusion of law for which no response is required.

12.     ***Plaintiff's allegation***:  For LGI, the Section 245A Deduction arose as a result of a transaction we refer to as the "TGH Transaction."  In the TGH Transaction, an LGI affiliate sold its interest in a publicly-traded, Belgian telecommunications company, Telenet Group Holding NV ("TGH"), to LGI's parent, Liberty Global.  The TGH Transaction was executed on December 28, 2018.

***United States' answer***:  Admits that Plaintiff refers to what it calls the "TGH Transaction," whereby an LGI affiliate transferred its interest in a publicly-traded Belgian

---

[1] Unless otherwise specified, all "section" references herein are to sections of the U.S. Internal Revenue Code of 1986, as amended, and all "Treasury Regulation" references herein are to sections of the Treasury Regulations promulgated under the Internal Revenue Code.

telecommunications company, Telenet Group Holding NV, to Liberty Global plc (Plaintiff's United Kingdom parent) on December 28, 2018.  Denies that Plaintiff has adequately described the transaction in that the December 28, 2018, event is but one step out of several pre-arranged steps, some of which occurred before December 28, 2018, that were taken in its attempt to create foreign earnings and profits that might facilitate a Section 245A Deduction.  Denies any remaining allegations for lack of knowledge.

13.     *Plaintiff's allegation*:  While the TGH Transaction involved a sale between two affiliated entities, the transaction generated taxable income for LGI.  The Internal Revenue Code sets forth detailed rules governing the tax treatment of the TGH Transaction.  Under those rules, LGI was required to recognize income equal to its share of the gain arising from the TGH Transaction on its 2018 corporate tax return.

*United States' answer*:  Denies the first and third sentences for lack of knowledge. Denies that a response is required for the second sentence; to the extent so required, the United States denies that Plaintiff has properly described the transactions to which the statutes, rules, regulations, and legal authority would apply, including step(s) of the transactions occurring before December 28, 2018, that purported to generate earnings and profits.

14.     *Plaintiff's allegation*:  As a result of LGI recognizing income from the TGH Transaction, LGI was entitled to the Section 245A Deduction under the relevant federal statutes, including 26 U.S.C. §§ 245A and 964.

*United States' answer*:  Denies.

15.     *Plaintiff's allegation*:  Although LGI met all statutory requirements for claiming a Section 245A Deduction in connection with the TGH Transaction, Defendant takes the position

that LGI should be denied the vast majority of its Section 245A Deduction because of "interim-final" or "temporary"[2] Treasury Regulations issued in June 2019. *See* 26 C.F.R. § 1.245A-5T (the "<u>Section 245A Temporary Regulations</u>"). The Section 245A Temporary Regulations set forth new rules—not found in or supported by the statute—under which the Section 245A Deduction is disallowed.

     ***United States' answer***: Admits that Plaintiff should be denied certain tax benefits claimed as a result of what Plaintiff refers to as the TGH Transaction, admits that Treasury published a Treasury Decision that included the issuance of temporary regulations addressing the Section 245A Deduction in June 2019, *see* T.D. 9865, 2019-27 I.R.B. 27 (issuing Temp. Treas. Reg. § 1.245A-5T), and denies all remaining allegations.

     16.    ***Plaintiff's allegation***: Moreover, the Section 245A Temporary Regulations purport to apply retroactively to January 1, 2018. Thus, Defendant takes the position that the Section 245A Temporary Regulations apply to LGI's Section 245A Deduction even though those regulations were issued almost six months <u>after</u> both the TGH Transaction was executed and the close of LGI's 2018 Tax Year.

     ***United States' answer***: Admits that the Section 245A Temporary Regulations apply to distributions occurring after December 31, 2017, and therefore apply to any distribution purported to be generated by what Plaintiff refers to as the TGH Transaction. Denies any remaining allegations.

---

[2] Interim-final regulations issued by the U.S. Department of the Treasury ("Treasury") are referred to as "temporary regulations."

17.     ***Plaintiff's allegation***:  The Section 245A Temporary Regulations are invalid for multiple reasons discussed below and, as a result, cannot be applied to LGI in this case.

***United States' answer***:  Denies.

18.     ***Plaintiff's allegation***:  Accordingly, LGI is entitled to a Section 245A Deduction consistent with the application of the relevant tax statutes.

***United States' answer***:  Denies.

**A.      LGI's Entitlement to the Section 245A Deduction**

19.     ***Plaintiff's allegation***:  The plain language of the relevant statutes permits LGI to claim a Section 245A Deduction with respect to the income that LGI recognized in connection with the TGH Transaction.

***United States' answer***:  Denies.

20.     ***Plaintiff's allegation***:  Specifically, 26 U.S.C. § 245A(a) mandates that a domestic corporation (like LGI) "shall be allowed . . . a deduction" with respect to income of the type that LGI recognized in connection with the TGH Transaction.  (Emphasis added.)

***United States' answer***:  Admits that § 245A(a) provides:  "In the case of any dividend received from a specified 10-percent owned foreign corporation by a domestic corporation which is a United States shareholder with respect to such foreign corporation, there shall be allowed as a deduction an amount equal to the foreign-source portion of such dividend."  Denies that Plaintiff is entitled to a § 245A deduction in connection with what it refers to as the TGH Transaction and denies any remaining allegations.

21.     ***Plaintiff's allegation***:  Moreover, 26 U.S.C. § 964(e)(4) directly addresses LGI's specific circumstances.  That section provides that the income generated from the TGH

Transaction must be treated by LGI as if it "were a dividend" and that "the deduction under section 245A(a) shall be allowable" in an amount equal to that deemed dividend.  *See* 26 U.S.C. 964(e)(4)(A)(iii) (emphasis added).

*United States' answer*:  Admits only to the extent that § 964(e)(4)(A)(iii) provides that "the deduction under section 245A(a) shall be allowable to the United States shareholder with respect to the subpart F income included in gross income under clause (ii) in the same manner as if such subpart F income were a dividend received by the shareholder from the selling controlled foreign corporation."  Otherwise avers that the characterization in paragraph 21 is a conclusion of law for which no response is required.  Denies any remaining allegations.

22.   *Plaintiff's allegation*.  As applied here, these rules mandate that LGI be allowed to claim a Section 245A Deduction in connection with the TGH Transaction.

*United States' answer*:  Denies.

23.   *Plaintiff's allegation*.  Defendant, however, takes the position that LGI should be denied the vast majority of its Section 245A Deduction because of the application of the Section 245A Temporary Regulations.[3]

*United States' answer*:  Admits that the United States' position is that the applicable regulations are valid and that Plaintiff's primary position must be rejected.  The United States further avers that because Plaintiff filed this action prior to the completion of the IRS's examination, and because Plaintiff declined to fully comply with the IRS's requests for

---

[3] On August 21, 2019, Treasury issued final regulations under section 245A that contain many of the same rules set forth in the Section 245A Temporary Regulations. Those final regulations, however, are applicable only prospectively from June 14, 2019—i.e., the same date that the Section 245A Temporary Regulations were issued. 26 C.F.R. § 1.245A-5(k)(1).

information relating to the transactions allegedly giving rise to the Section 245A Deduction, the

United States' position has not been fully developed.  Plaintiff acknowledged its refusal to

cooperate with the IRS's administrative examination of the transactions related to Plaintiff's

claimed Section 245A Deduction.  In a letter to the IRS dated October 29, 2020, Plaintiff advised

that the parties' disagreement over the scope of the IRS's examination would be "best handled as

part of the upcoming refund litigation."  This refund litigation will necessarily require discovery

of information that would ordinarily have been provided to the IRS in its examination (some of

which Plaintiff refused to provide to the IRS), such as Plaintiff's basis in TGH and the

substantiation of earnings and profits that Plaintiff asserts it generated in a series of discrete steps

it executed prior to December 28, 2018.  Earnings and profits are a necessary component of the

ability to claim dividend treatment for a deemed distribution of the type purportedly generated by

Plaintiff's transactions, and Plaintiff's basis in TGH is necessary to determine the amount of gain

on the sale of stock.  Moreover, discovery is required for the United States to determine whether

any steps of the transactions, or the transactions themselves, may be recharacterized or

disregarded under judicial doctrines or other provisions of the Internal Revenue Code.

24.     ***Plaintiff's allegation***.  In particular, the Section 245A Temporary Regulations

provide that certain dividends (or portions of those dividends) are "ineligible" for the Section

245A Deduction.  In so doing, the Section 245A Regulations create new, extra-statutory

conditions on the ability to claim a Section 245A Deduction.

***United States' answer***:  Avers that the characterization is a conclusion of law for which

no response is required.  Denies any remaining allegations.

B.      **The Section 245A Temporary Regulations Are Invalid**

25.      ***Plaintiff's allegation***:  The Section 245A Temporary Regulations are substantively and procedurally invalid and, therefore, are inapplicable to LGI.

***United States' answer***:  Denies.

26.      ***Plaintiff's allegation***:  As a substantive matter, the Section 245A Temporary Regulations are contrary to the controlling statutes.  *See, e.g., Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984).

***United States' answer***:  Denies.

27.      ***Plaintiff's allegation***:  Treasury acknowledged when it issued the Section 245A Temporary Regulations that the regulations are inconsistent with "a literal application of section 245A."  Limitation on Deduction for Dividends Received From Certain Foreign Corporations and Amounts Eligible for Section 954 Look-Through Exception, 84 Fed. Reg. 28,398, 28,400 (June 18, 2019) (the "Preamble").  Treasury further acknowledged that, "when the requirements of section 245A as properly construed are satisfied, it would not be permissible under the statute for the [S]ection 245A [D]eduction to be denied . . . even if, for example, taxpayers choose to generate such income to avail themselves of the benefits of the deduction."  *Id*.

***United States' answer***:  Admits that the Preamble contains a description of the applicable principles and authority supporting the Treasury's decision to issue the regulations, and denies that Plaintiff has provided a complete description of those principles.  Denies any remaining allegations.

28.   ***Plaintiff's allegation***:  As a procedural matter, Treasury also failed to comply with several administrative law requirements, including requirements under the Administrative Procedure Act, 5 U.S.C. § 551, et seq. (the "<u>APA</u>").

***United States' answer***:  Denies.

29.   ***Plaintiff's allegation***:  First, the Section 245A Temporary Regulations were issued without an opportunity for pre-promulgation notice and comment, as required by the APA (the "<u>Notice-and-Comment Requirement</u>").  5 U.S.C. § 553(b).

***United States' answer***:  Admits that the Section 245A Temporary Regulations were issued without prior notice and comment, but denies that the regulations are procedurally defective.  Denies any remaining allegations.

30.   ***Plaintiff's allegation***:  Second, the Section 245A Temporary Regulations violate the general prohibition on retroactive rulemaking.  *See* 5 U.S.C. § 553(d).  The APA generally requires that substantive rules can be effective no earlier than 30 days after the rules are first promulgated (the "<u>Prospective Rulemaking Requirement</u>").  *See id*.  The Section 245A Temporary Regulations were issued on June 18, 2019, yet those rules are purportedly effective immediately <u>and retroactively</u> to transactions that occurred nearly 18 months earlier.

***United States' answer***:  Admits that the Section 245A Temporary Regulations apply to distributions occurring after December 31, 2017, but denies that the regulations are procedurally defective.  Denies any remaining allegations.

31.   ***Plaintiff's allegation***:  Under applicable law, Treasury was required to follow the Notice-and-Comment Requirement and the Prospective Rulemaking Requirement unless it had "good cause" within the meaning of 5 U.S.C. § 553(b)(3)(B) and 5 U.S.C. § 553(d)(3).

***United States' answer***:  Admits that the APA generally requires notice and comment and a 30-day delayed effective date unless certain exceptions apply, including when an agency finds "good cause."  Avers that the APA contains additional exceptions to these requirements not mentioned by Plaintiff.  Further avers that, notwithstanding the APA, 26 U.S.C. § 7805 authorizes the Treasury to issue temporary, proposed, or final regulations with retroactive effect and to issue temporary regulations without prior notice and comment.

32.     ***Plaintiff's allegation***:  In the Preamble to the Section 245A Temporary Regulations, Treasury asserted that it had the necessary "good cause" for not complying with the Notice-and-Comment Requirement and the Prospective Rulemaking Requirement. 84 Fed. Reg. 28,398, 28,405 (June 18, 2019).

***United States' answer***:  Admits.

33.     ***Plaintiff's allegation***:  None of the reasons set forth in the Preamble, individually or collectively, constitutes "good cause" within the meaning of 5 U.S.C. § 553(b)(3)(B) and 5 U.S.C. § 553(d)(3).

***United States' answer***:  Denies.

34.     ***Plaintiff's allegation***:  Even if Treasury had "good cause" and possessed the substantive authority to promulgate the 245A Temporary Regulations, Treasury had no authority to make those regulations retroactively effective.

***United States' answer***:  Denies.

35.     ***Plaintiff's allegation***:  The retroactive application of the Section 245A Regulations also violates the due process clause of the Fifth Amendment.  *See, e.g., United States v. Carlton*, 512 U.S. 26 (1994).

***United States' answer***:  Denies.

36.    ***Plaintiff's allegation***:  Finally, Treasury failed to provide an adequate explanation for its rulemaking in the Section 245A Temporary Regulations as required under *Motor Vehicle Manufacturers Ass'n of the United States v. State Farm Mutual Auto Insurance Co.*, 463 U.S. 29 (1983), and its progeny.

***United States' answer***:  Denies.

**C.    LGI's Tax Reporting**

37.    ***Plaintiff's allegation***:  LGI timely filed its original 2018 U.S. corporate income tax return on October 11, 2019 (the "2018 Original Return").

***United States' answer***:  Admits.

38.    ***Plaintiff's allegation***:  At the time that it filed its 2018 Original Return, LGI intended to challenge the validity of the Section 245A Temporary Regulations.  For procedural reasons, however, LGI filed its 2018 Original Return consistent with the Section 245A Temporary Regulations and paid the additional tax that would be due under those regulations.

***United States' answer***:  Admits that LGI filed its 2018 Original Return consistent with the Section 245A Temporary Regulations, and paid the tax that its return indicated was due in accordance with the regulations.  Denies all remaining allegations for lack of knowledge.

39.    ***Plaintiff's allegation***.  On its 2018 Original Return, LGI also made an election under 26 C.F.R. § 1.245A-5T(e)(3)(i) (a "Closing Election") to close TGH's taxable year on the date of the TGH Transaction.  The Closing Election is a new, extra-statutory election created in the Section 245A Temporary Regulations.  Making a Closing Election allowed LGI to claim a

portion of the Section 245A Deduction, mitigating the adverse effects of the Section 245A
Temporary Regulations.

>    *United States' answer*:  Admits that LGI elected on its original 2018 federal income tax
return to close TGH's taxable year on the date of what it refers to as the TGH Transaction as
provided in the Section 245A Temporary Regulations, but denies all remaining allegations,
including, if the validity of the regulations is upheld, any potential tax impact of such election.

>    40.    *Plaintiff's allegation*:  Even with the Closing Election, Defendant's application of
the Section 245A Temporary Regulations causes LGI to improperly owe more than $104 million
in additional U.S. federal income tax than LGI would have otherwise owed under the relevant
statutes.

>    *United States' answer*:  Denies.

>    41.    *Plaintiff's allegation*:  To the extent the Section 245A Temporary Regulations are
invalid, then LGI's Closing Election also has no effect.

>    *United States' answer*:  Avers that the characterization in paragraph 41 is a conclusion of
law for which no response is required.  Denies any allegations concerning the tax impact of
LGI's closing election, and denies any remaining allegations.

>    42.    *Plaintiff's allegation*:  On December 23, 2019, LGI filed its Claim for Refund,
seeking a refund on the basis that the Section 245A Temporary Regulations are invalid.

>    *United States' answer*:  Admits.

>    43.    *Plaintiff's allegation*.  By first paying all tax owed under the Section 245A
Temporary Regulations and then filing the Claim for Refund, LGI complied with statutory

prerequisites for exhausting administrative remedies before filing this lawsuit. *See* 26 U.S.C. §§ 6532, 7422.

    *United States' answer*:  Admits that LGI has complied with the jurisdictional prerequisites for invoking this Court's jurisdiction.  Denies any remaining allegations.

**Issue 2:  Additional Penalties and Interest Improperly Assessed**

    **A.**    **The November 2019 Assessment**

    44.    *Plaintiff's allegation*:  On or around November 25, 2019, the IRS sent LGI a notification that it had assessed penalties under 26 U.S.C. § 6651 and interest under 26 U.S.C. § 6601 related to LGI's 2018 Tax Year (the "<u>November 2019 Assessment</u>").

    *United States' answer*:  Admits the imposition of an addition to tax and interest pursuant to the Internal Revenue Code and applicable Treasury regulations.  Denies any remaining allegations.

    45.    *Plaintiff's allegation*:  The IRS asserted that LGI was liable for such penalties and interest, because LGI had failed to pay the full amount of taxes owed for its 2018 Tax Year—including taxes owed because of the application of the Section 245A Temporary Regulations—by April 15, 2019.

    *United States' answer*:  Admits the imposition of an addition to tax and interest pursuant to the Internal Revenue Code and applicable Treasury regulations.  Denies any remaining allegations.

    46.    *Plaintiff's allegation*:  In other words, the November 2019 Assessment reflects the IRS's imposition of penalties and interest on LGI for its failure to pay taxes by April 15,

2019, that were owed under retroactive regulations first issued two months <u>after</u> that date (i.e., the Section 245A Temporary Regulations).

*United States' answer*:  Admits the imposition of an addition to tax and interest pursuant to the Internal Revenue Code, as interpreted by the applicable Treasury regulations.  Denies any remaining allegations.

47.   ***Plaintiff's allegation***:  LGI paid its purported liability under the November 2019 Assessment on December 23, 2019.

*United States' answer*:  Admits.

**B.     The September 2020 Assessment**

48.   ***Plaintiff's allegation***:  On or about September 21, 2020, the IRS made an additional assessment of $8,704,337 in tax, $22,955 in penalties, and $666,037 in interest with respect to LGI's 2018 Tax Year (the "<u>September 2020 Assessment</u>" and, collectively with the November 2019 Assessment, the "<u>Additional Amounts</u>").

*United States' answer*:  Admits as to the assessed amounts for tax, additions to tax, and interest, but avers that a portion of the interest assessment was made in November 2020.  Avers that 26 U.S.C. § 6651 provides for an "addition to tax" and not a penalty.

49.   ***Plaintiff's allegation***:  The taxes assessed through the September 2020 Assessment relate to a reduction in the amount of foreign tax credits that LGI is allowed to claim for its 2018 Tax Year.  Should the Section 245A Temporary Regulations be determined to be invalid, LGI would be entitled to a refund of the taxes, penalties, and interest assessed in the September 2020 Assessment.

*United States' answer*:  Admits that the September 2020 Assessment related in part to a reduction in the amount of foreign tax credits, but denies the remainder for lack of knowledge.

50.   *Plaintiff's allegation*:  LGI paid its purported liability under the September 2020 Assessment on November 4, 2020.

*United States' answer*:  Admits.

**C.   LGI Is Not Liable for the Penalties and Interest Assessed by the IRS as Part of the Additional Amounts**

51.   *Plaintiff's allegation*:  If the Section 245A Temporary Regulations are invalid, then LGI did not underpay its taxes for the 2018 Tax Year and there is no basis for imposing the penalties and interest reflected in the Additional Amounts.

*United States' answer*:  Denies for lack of knowledge.  *See*, *e.g.*, paragraph 23.

52.   *Plaintiff's allegation*:  LGI had reasonable cause within the meaning of 26 C.F.R. § 301.6651-1(c)(1) for its failure to pay the taxes that gave rise to the penalties and any interest thereon reflected in the Additional Amounts.

*United States answer*:  Denies for lack of knowledge.

53.   *Plaintiff's allegation*:  For the portion of the Additional Amounts that is interest under 26 U.S.C. § 6601, even if the 245A Temporary Regulations were valid, interest cannot accrue on amounts that, as of the relevant date (here, April 15, 2019), were not legally due.

*United States' answer*:  Denies.

54.   *Plaintiff's allegation*:  Even if the Temporary Regulations are valid, the imposition of the Additional Amounts in the context of retroactive regulations that were issued nearly two months after the relevant payment date violates the due process clause of the Fifth Amendment.

*United States' answer*:  Denies.

## COUNT ONE

55.    ***Plaintiff's allegation***:  LGI incorporates herein by reference and realleges all allegations in Paragraphs 1 through 43.

***United States' answer***:  Alleges that no response is required.  Denies to the extent there are any allegations not covered by prior paragraphs.

56.    ***Plaintiff's allegation***:  The Section 245A Temporary Regulations are invalid in whole or in part and, as a result, cannot be applied to LGI in this case.

***United States' answer***:  Denies.

57.    ***Plaintiff's allegation***:  Accordingly, LGI is entitled to a refund in the amount of $104,487,574[4] for taxes paid for its 2018 Tax Year, or such greater amount of taxes and interest, including overpayment interest thereon, as provided by law.

***United States' answer***:  Denies.

## COUNT TWO

58.    ***Plaintiff's allegation***:  LGI incorporates herein by reference and realleges all allegations in Paragraphs 1 through 54.

***United States' answer***:  Alleges that no response is required.  Denies to the extent there are any allegations not covered by prior paragraphs.

59.    ***Plaintiff's allegation***:  LGI should be refunded the penalties and interest assessed as part of the Additional Amounts.

---

[4] This amount reflects that LGI would also be entitled to a refund of the additional taxes assessed by the IRS in the September 2020 Assessment if the Section 245A Regulations are invalid.  *See* Paragraphs 48-49.

***United States' answer***:  Denies.

60.      ***Plaintiff's allegation***:  Accordingly, LGI is entitled to a refund in the amount of $4,802,274, including overpayment interest thereon, as provided by law.

***United States' answer***:  Denies.

WHEREFORE, the United States requests that the Court deny Plaintiff's refund claim for the 2018 tax year, deny any other relief sought in the Complaint, and award such further relief as is just and proper.

Dated: March 3, 2021                                    Respectfully submitted,

DAVID A. HUBBERT
Acting Assistant Attorney General

/s/ Thomas J. Sawyer
THOMAS J. SAWYER
Senior Litigation Counsel
JENNIFER Y. GOLDEN
Trial Attorney
U.S. Department of Justice, Tax Division
P.O. Box 683, Ben Franklin Station
Washington, D.C.  20044
Tel:  (202) 514-8129 (Sawyer)
        (202) 307-6547 (Golden)
Fax: (202) 307-0054
Thomas.J.Sawyer@usdoj.gov
Jennifer.Y.Golden@usdoj.gov

*Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2021, I served a copy of the foregoing document by filing it through the Court's CM/ECF system, which will send an electronic copy to:

Rajiv Madan (raj.madan@skadden.com)
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, DC 20005
*Attorney for Plaintiff Liberty Global, Inc.*

Gregory S. Tamkin (tamkin.greg@dorsey.com)
Dorsey & Whitney LLP
1400 Wewatta Street, Suite 400
Denver, CO  80202-5549
*Attorney for Plaintiff Liberty Global, Inc.*

Respectfully submitted,

/s/ Thomas J. Sawyer
THOMAS J. SAWYER
Senior Litigation Counsel, Tax Division
U.S. Department of Justice