IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03501-RBJ

Liberty Global, Inc.

    Plaintiff,

v.

United States of America

    Defendant.

---

**Joint Status Report**

---

Pursuant to the Court's Order dated July 12, 2021, the parties hereby submit the following status report:

1.    As previously reported, the parties have continued to engage in discovery in this case.

2.    On April 16, 2021, the United States ("Defendant") produced to Liberty Global, Inc. ("Plaintiff'") the administrative record ("Administrative Record") related to the temporary regulations issued under section 245A of the Internal Revenue Code that are at issue in this case (the "Section 245A Temporary Regulations").

3.    On April 27, 2021, Defendant served upon Plaintiff its initial discovery requests: a set of requests for document production and an initial set of interrogatories.

4. On June 28, 2021, Defendant served upon Plaintiff a second set of interrogatories and a second set of document requests.

5. As of the time of this status report, Plaintiff has provided written responses to Defendant's first set of discovery requests and one batch of responsive documents. Plaintiff is in the process of producing additional responsive documents. Defendant is reviewing the documents Plaintiff has produced thus far.

6. The parties have also engaged in discussions regarding the scope of additional discovery needed in this case. However, the parties have been unable to agree regarding the scope of additional discovery. In general, and as discussed in more detail below, Plaintiff maintains that further discovery, if any, should be very limited. Defendant maintains that extensive additional discovery is needed. Accordingly, the parties will ask the Court to resolve their dispute regarding discovery at the upcoming status conference scheduled in this case and to enter a formal scheduling order, to the extent possible at this time.

7. In support of their respective positions, the parties state as follows:

**Plaintiff's Position:**

8. Plaintiff's claims in this case relate to its legal challenge to the validity of the Section 245A Temporary Regulations. As previously explained to the Court, Plaintiff's request for a tax refund stems from the disallowance of a deduction under 26 U.S.C. § 245A. That section, enacted as part of the 2017 federal tax reform (i.e., the Tax Cut and Jobs Act or "TCJA"), allows a deduction for dividends received by U.S. taxpayers from certain foreign corporations. It is undisputed that Plaintiff was deemed

to receive a dividend from a qualifying foreign corporation because of a transaction on December 28, 2018 (the "TGH Transaction"). Therefore, Plaintiff is entitled to a deduction under 26 U.S.C. § 245A. Defendant, however, has denied that deduction on the basis of the Section 245A Temporary Regulations issued by the U.S. Department of Treasury in June 2019. Although issued nearly 6 months after the TGH Transaction, the regulations purport to apply retroactively to Plaintiff and the TGH Transaction to disallow a deduction under 26 U.S.C. § 245A. Plaintiff maintains that the Section 245A Temporary Regulations are invalid for several reasons and therefore cannot be applied to deny Plaintiff's claimed Section 245A deduction. In particular, Defendant failed to comply with fundamental procedural requirements of the Administrative Procedure Act ("APA"), issuing the Section 245A Temporary Regulations without the opportunity for public notice and comment and made those regulations retroactively effective. Moreover, Defendant lacked the substantive authority to issue the Section 245A Temporary Regulations, which are contrary to the controlling statutes.

9. This issue—the question of the validity of the Section 245A Temporary Regulations—is solely a legal question. *See, e.g.*, *Franklin Sav. Ass'n v. Dir., Off. of Thrift Supervision*, 934 F.2d 1127, 1137 (10th Cir. 1991). This issue will be decided based solely on the law and the Administrative Record. Defendant has already provided the Administrative Record to Plaintiff and, therefore, all facts relevant to the determination of the validity of the Section 245A Temporary Regulations have been exchanged. Accordingly, the legal issue of the validity of the Section 245A Temporary Regulations is ripe to be decided by this Court now. Indeed, Plaintiff intends to file a

motion for summary judgment regarding that core issue in October 2021.

10. Defendant does not dispute that Plaintiff's claim regarding that the validity of the Section 245A Temporary Regulations is a legal question and does not argue that it needs additional discovery on that question. Instead, Defendant appears to be improperly using information in an improper "fishing expedition" for information that it may use to advance vague and unarticulated alternative defenses to Plaintiff's claim. That is improper. Under the Federal Rule of Civil Procedure 26(b)(1), discovery is broad but must be shown to be relevant to "any party's claim or defense."

11. However, Defendant offers only vague justifications for the discovery sought with no direct connection to any particular claim or defense. In particular, Defendant argues it needs additional discovery because (1) Plaintiff "must prove its entitlement to the $2 billion dividends-received deduction" and (2) "even if LGI prevails in establishing its entitlement to the deduction, there may be other improper items on its return that offset or partially offset its claimed refund."

12. Notably, Defendant has long possessed extensive information regarding the transactions at issue in this case, including detailed information from Plaintiff supporting its position that it is entitled to the claimed deduction. In addition, contrary to Defendant's assertion, the IRS conducted an extensive audit of the issues and after conducting the audit identified only the validity of the regulation as a disputed issue. Indeed, the IRS told Plaintiff on multiple occasions during the administrative audit that it had decided to deny Plaintiff's claim for refund and intended to send the case to IRS Administrative Appeals for potential resolution of the case. Under IRS internal operating

procedures, cases must be fully factually developed before the case can be sent to IRS Appeals because "Appeals officer[s] will not develop evidence that is not in the case file [provided by the IRS audit team] to support [a] new theory or argument" raised by the IRS. Internal Revenue Manual, section 4.2.1.8.2(1)(b) (Apr. 23, 2014). It was only after Plaintiff informed Defendant that it intended to litigate the validity of the regulation that the IRS audit team took the position that it needed additional facts and might raise alternative defenses.

13. Before this case was filed, Defendant had detailed information regarding the transactions at issue in this case:

a. Plaintiff made a detailed disclosure of its claims in this case by filing an "administrative claim for refund" (the "Refund Claim") with the IRS on December 23, 2019. As is required under relevant statutes as a prerequisite for bringing this case, Plaintiff's refund claim "set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the [IRS] of the exact basis thereof." 26 CFR § 301.6402-2(b)(1). Thus, the government has known "the exact basis" of Plaintiff's claims in this case for more than 20 months.

b. Beginning in May 2020, the IRS made a series of requests for information related to Plaintiff's Refund Claim and the detailed disclosures therein. In response to those requests, Plaintiff provided to Defendant significant additional information related to the transactions at issue in this case by October 2020, including:

- More than 1,000 pages of documents, including the fundamental legal

and transactional documents and detailed presentations explaining the transactions at issue.

- Written responses to more than 50 interrogatory-style questions, which provide extensive additional background on the transactions at issue.

14. Plaintiff will complete its productions in response to Defendant's outstanding discovery requests. Once completed, Defendant will have sufficient information—both through the audit and in discovery to date—to determine what defenses it intends to pursue in this case. To be clear, Plaintiff is not arguing that Defendant must limit its arguments to those raised by the IRS during the audit. However, until Defendant can articulate with specificity what arguments it intends to raise and what additional information is relevant to those defenses, no further discovery is warranted in this case.

**Defendant's Position:**

15. Treasury Regulations challenged by Plaintiff Liberty Global, Inc. ("LGI") were validly issued and apply to LGI's transactions. These transactions appear to have taken place between October and December 2018 and involved 13 different entities in the United States, Belgium, The Netherlands, and the United Kingdom (the "Transactions"). Attached as Exhibit A is LGI's "step plan" framework showing the multi-step and complex nature of the Transactions. But there is more to this case than LGI's regulation-validity challenge with respect to the Transactions.

16. LGI seeks a refund of $109 million. Notwithstanding the Treasury

Regulations, LGI must prove its entitlement to the $2 billion dividends-received deduction, *see* 26 U.S.C. § 245A, claimed on its 2018 amended income tax return, and all other items related to the Transactions, before it could be entitled to any refund. This includes showing that each step of the Transactions qualifies for LGI's claimed tax treatment, and that the underlying computations are accurate, separate from the Treasury Regulation issue. Likewise, even if LGI prevails in establishing its entitlement to the deduction, there may be other improper items on its return that offset or partially offset its claimed refund. If LGI's claimed refund can be denied on other grounds, there may be no reason for the Court to reach the novel regulation-validity issue.

17. LGI filed this suit before the IRS had completed its examination into LGI's return, so the IRS was unable to determine whether such a deduction, or other claimed items, would be permitted. The IRS requested information to allow it to make that determination during an abbreviated examination in 2020. LGI did provide some information, but not all information that the IRS sought. LGI produced only the documents that it deemed relevant, did not provide a privilege log, and did not produce any European-based documents not already in its U.S. files. LGI informed the IRS that further document requests would be "best handled as part of the upcoming refund litigation."

18. The United States and LGI have differing views regarding the level of LGI's cooperation during the pendency of the audit. But it is not disputed that the IRS did not receive the information that it requested during the audit. Thus, it did not receive what it needed to fully evaluate the Transactions. The IRS did not make a final determination

on the claimed 26 U.S.C. § 245A deduction, including the claimed dividend and earnings underlying that deduction, and did not formally deny LGI's refund claim. When LGI filed the instant refund suit, the IRS was still actively examining LGI's return. The audit was short-circuited.

19. Thus far in discovery, LGI has produced 606 documents, totaling 2,196 pages, in response to the United States' first set of document requests served on April 27, 2021. It took over 3 months for the United States to receive these documents, and they represent an incomplete production. LGI has indicated it intends to produce at least two other batches of documents and a privilege log. But it has not yet. Notably, LGI's productions to date do not contain the bulk of European-based documents from its UK parent or Belgian subsidiaries.

20. The IRS's examination team is still awaiting the information that it needs to complete its review of the Transactions. The issues for trial have not been identified with certainty because LGI did not fully provide the information that the IRS requested. To be sure, in a typical tax refund suit, the issues are clear. But a typical tax refund suit is not brought until after an audit has been conducted. The statute of limitations for determining any additional taxes, i.e., the time to conduct a typical audit, will not expire in this matter until October 2022. *See* 26 U.S.C. § 6501. The United States will be prepared at the September 21, 2021 scheduling conference to discuss the additional discovery needed and the categories of information it is missing after the IRS audit. The United States is entitled to raise arguments in defense of this refund suit regardless of whether they were raised during the audit stage.

21. The United States has issued document subpoenas to Deloitte and KPMG, two of LGI's advisors for the Transactions and/or LGI's 2018 tax return.

22. The United States contends that the pace and limited scope of discovery to date, and the sufficiency of responses thus far, is such that a July 2022 trial setting may be unfairly prejudicial to the development of its case, and it requests that the Court set another status conference in 60 days to monitor the development of discovery and to re-visit the appropriate time for trial.

23. The United States contends that significant discovery remains to be conducted, and that after obtaining the initial discovery, it will need additional time to examine that evidence, engage in follow-up written discovery and depositions, and have expert witnesses review the evidence and render their opinions.

    a. **Number of depositions**. The United States will need more than 10 depositions. LGI's interrogatory responses identify a "core team" of 11 individuals involved in planning or executing the Transactions, but states that other persons were involved as identified in documents produced to the United States. LGI's first batch of documents indicates 101 additional individuals. The United States also anticipates Rule 30(b)(6) depositions of at least some of the LGI-affiliated entities involved, of which there are 13.

    b. **Expert witnesses**. While the need and appropriateness of expert witnesses may change as the case evolves, the United States has retained an economic expert to analyze the Transactions, is in the process of retaining a valuation expert, and is conferring with a potential expert on Belgian law.

Assuming expert reports are due 90 days before trial, *see* Fed. R. Civ. P. 26(a)(2)(D), reports for a July 2022 trial would be due in April 2022. The currently retained expert advises that they would like 3 months after the close of fact discovery to complete a report. It seems infeasible that all fact discovery could be completed by January 2022. The United States has received only one of three batches of documents, expects follow-up discovery requests after IRS examiners review the materials, and international discovery may be needed (see below).

  c. **Discovery cut-off date**. As noted above, the United States suggests that this Court hold another status conference in 60 days to monitor the pace of discovery and to determine an appropriate discovery cut-off date. Foreign discovery can be time consuming. Since LGI orchestrated the Transactions at issue, it should have "control" over the European-based evidence for purposes of Fed. R. Civ. P. 26. But LGI has had difficulty gathering that evidence. If the United States needs to resort to tax treaty requests or letters rogatory requests to Belgium and the United Kingdom for third-party information, the process will likely take 18 months or more if those requests are contested.

  d. **Dispositive motions deadline**. The United States suggests a dispositive motions deadline of 90 days before trial, and that such date be determined after the next status conference.

24. The discovery envisioned would be proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1). $109 million is at stake, along with, potentially, novel

challenges to the validity of Treasury Regulations. The United States and LGI both have substantial resources. However, LGI possesses and controls the relevant information. It undertook, computed, and reported the Transactions and tax items at issue. The information in LGI's possession relates directly to whether it is entitled to its claimed refund. Given that the discovery impacts key issues, the benefits of additional discovery outweigh the burdens. In addition, the United States is in the process of retaining expert witnesses to assist in the development of the case.

/s/ Rajiv Madan
Rajiv Madan
Jessie K. Liu
Christopher P. Bowers
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, DC 20005
(202) 371-7020 (Madan)
(202) 371-7340 (Liu)
(202) 371-7060 (Bowers)
Raj.Madan@skadden.com
Jessie.Liu@skadden.com
Chris.Bowers@skdden.com
*Attorneys for Plaintiff Liberty Global, Inc.*

Gregory S. Tamkin
tamkin.greg@dorsey.com
Dorsey & Whitney LLP
1400 Wewatta Street, Suite 400
Denver, CO 80202-5549
*Attorney for Plaintiff Liberty Global, Inc.*

DAVID A. HUBBERT
Acting Assistant Attorney General

/s/ Thomas J. Sawyer
THOMAS J. SAWYER
Senior Litigation Counsel
JENNIFER Y. GOLDEN
Trial Attorney
U.S. Department of Justice, Tax Division
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 514-8129 (Sawyer)
     (202) 307-6547 (Golden)
Fax: (202) 307-0054
Thomas.J.Sawyer@usdoj.gov
Jennifer.Y.Golden@usdoj.gov
*Attorneys for the United States of America*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of September 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Jessie K. Liu
Christopher P. Bowers
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, DC 20005
E-mail: jessie.liu@skadden.com
E-mail: chris.bowers@skadden.com
*Attorney for Plaintiff Liberty Global, Inc.*

Gregory S. Tamkin
Dorsey & Whitney LLP
1400 Wewatta Street, Suite 400
Denver, CO 80202-5549
E-mail: Tamkin.greg@dorsey.com
*Attorney for Plaintiff Liberty Global, Inc.*

Thomas J. Sawyer
Jennifer Yu Golden
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, DC 20044
E-mail: Thomas.J.Sawyer@usdoj.gov
E-mail: jennifer.y.golden@usdoj.gov
*Attorneys for the United States of America*

                                         /s/ Rajiv Madan
                                         **Rajiv Madan**
                                         Skadden, Arps, Slate, Meagher & Flom LLP
                                         1440 New York Avenue, N.W.
                                         Washington, DC 20005
                                         Telephone: (202) 371-7020
                                         E-mail: raj.madan@skadden.com
                                         *Attorney for Plaintiff Liberty Global, Inc.*