**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

|  |  |
|---|---|
| Liberty Global, Inc., ) | |
| ) | |
| Plaintiff, ) | Case No.: 20-cv-03501 |
| v. ) | Hon. R. Brooke Jackson |
| ) | |
| United States of America, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MOTION FOR LEAVE TO PARTICIPATE AS AMICUS CURIAE
AND TO FILE AN AMICUS BRIEF**

Ivins, Phillips & Barker, Chartered ("Amicus") respectfully requests leave to participate as amicus curiae in the present action and to file the attached Brief of Amicus Curiae Regarding the Invalidity of Temporary Treasury Regulation section 1.245A-5T (the "Regulations"). Defendant has argued in its Reply Brief (Doc. No. 33)[1] that the Regulations are justified because of the allegedly abusive nature of Plaintiff's transaction. However, regulations must find authority generally in the statutory language, and these Regulations apply to many transactions with a variety of facts, not just Plaintiff's facts. Amicus previously participated in the rulemaking process through the submission of comments (on behalf of various clients) that addressed the substantive and procedural infirmities of the Regulations. *See* Exs. 1 and 2.[2] Amicus knows of taxpayers across

---

[1] "Doc." references are to the Court's docket entries. "Rec." references are to the Administrative Record, the index of which is found at Doc. 25-2.

[2] The index to the submitted Administrative Record does not separately identify these or any other comments to the Regulations. It is not clear whether the IRS has included any comments in the Administrative Record. Comments, however, are an integral part of the rulemaking process. *Azar v. Alina Health Servs.*, 139 S. Ct. 1804, 1816 (2019) ("Notice and comment gives affected parties fair warning of potential changes in the law and an opportunity to be heard on those changes—and it affords agencies a chance to avoid errors and make a more informed decision.").

1

the business community, and Amicus can aid this Court by illustrating how broadly the Regulations apply, beyond Plaintiff's transaction. Specifically, Amicus has experience with numerous taxpayers' transactions that are in no way abusive but are intentionally covered by the §245A Regulations.

The details of the government's position on the reasons for the Regulations were unknown until the government filed its Reply Brief on December 22, 2021. The government's focus on Plaintiff's particular transaction as allegedly "abusive" as the primary authority for the Regulations was novel and surprising to Amicus. In contrast to appellate proceedings, where a fully developed record of the government's arguments has previously been made, Amicus could not have known of the need to provide any broader perspective to the Court at any earlier date. To maintain the pace of the parties' briefing and the Court's consideration of the issues in the case, Amicus is submitting the proposed brief within seven days after the government's brief, and nearly two months in advance of oral argument in this case.

Under D.C.COLO.LCivR 7.1(a), Amicus consulted with the parties' counsel. Plaintiff's counsel consented to the participation of Amicus, and Defendant's counsel does not consent and intends to file a response. No counsel for any party authored this motion in whole or in part. Amicus does not have a direct financial interest in the resolution of the legal issue in the instant case. Certain clients of Amicus paid for the preparation of the proposed amicus brief. To respect this Court's limitations on the size of briefs, Amicus limited its proposed brief to 12.5 pages—half the length of the parties' briefs.

Amicus respectfully requests that this Court exercise its discretion to permit amicus participation, grant leave to file, and give due consideration to the proposed Brief. *See Vigil v. Am.*

*Tel. & Tel. Co.,* 1969 WL 118, at *1 (D. Colo. 1969) ("District Courts have long been permitted to allow *amicus* appearances at their discretion.").

Respectfully submitted this 29th day of December, 2021.

<u>/s/ Jeffrey E. Moeller</u>
JEFFREY E. MOELLER
JONATHAN L. HOLBROOK
HARRISON B. RICHARDS
IVINS, PHILLIPS & BARKER, CHARTERED
1717 K Street NW, Suite 600
Washington, DC 20006
(202) 662-3450
jmoeller@ipbtax.com
*Attorneys for Amicus Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2021, I served a copy of the foregoing document by filing it with the Court's CM/ECF system, which will send an electronic copy to all counsel of record.

<u>/s/ Jeffrey E. Moeller</u>
JEFFREY E. MOELLER
IVINS, PHILLIPS & BARKER, CHARTERED
1717 K Street NW, Suite 600
Washington, DC 20006
(202) 662-3450
jmoeller@ipbtax.com
*Attorney for Amicus Curiae*