IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03501-RBJ

Liberty Global, Inc.

    Plaintiff,

v.

United States of America

    Defendant.

---

**Joint Status Report, including Notice of Intent to Move for Partial Summary Judgment, and Joint Motion to Amend Schedule**

---

Plaintiff Liberty Global, Inc. ("LGI") intends to move for summary judgment on a discrete issue. The parties have conferred regarding the motion and have worked together to reach a mutually acceptable proposal on related scheduling issues. They therefore submit the following status report and request to set, and where appropriate amend, the schedule as provided in the attached proposed schedule

1. The Court issued a Scheduling Order on April 9, 2021. In that order the Court did not set a discovery schedule, but it established an "initial three-month discovery period, ending June 30, 2021, before the entry of a full scheduling order and discovery plan." (Scheduling Order at 11, Doc. 24.) LGI advised that the primary issue

1

it sought to resolve in this case was whether a temporary Treasury regulation was valid and applied to transactions engaged in by Liberty Global in 2018. LGI's position was that further discovery, beyond the Government's initial discovery, was not warranted until the regulation question was resolved. The United States' position was that the regulation was valid, but that, even if not, LGI had not proven its entitlement to the tax benefits of its 2018 transactions.

2. The parties filed a status report on September 17, 2021. The parties noted that the United States had timely submitted the Administrative Record relating to the disputed regulation and that LGI was in the process of responding to the United States' initial discovery. But the parties disagreed on the need for further discovery or the extent of that discovery. LGI requested that the Court first determine its challenge to the temporary Treasury regulations and acknowledged that a finding that the regulation was valid would generally resolve the matter in the United States' favor. The United States requested that the Court establish a discovery schedule to allow further examination whether LGI was entitled to the tax benefits related to the 2018 transactions, noting that if LGI failed to prove it was entitled to claim the disputed dividends received deduction, the Court may not need to reach the novel regulation issue. The United States also noted that, to determine whether LGI was otherwise entitled to the tax deduction at issue, assistance from expert witnesses would be necessary. The United States had asked that the deadline for expert witness reports be set for a time 90 days after the completion of fact discovery.

3. The Court held a status conference on September 21, 2021. It agreed generally with LGI that efficiency may be served by first hearing LGI's challenge to the validity of the temporary regulations, since no further discovery was necessary on that issue. The Court therefore did not set the deadline for serving interrogatories, requests for production, or requests for admissions. (Scheduling Order ¶ 8, Doc. 24.) Likewise, the Court did not establish a time for expert witness disclosures. (*Id.* ¶ 9.)

4. The Court instead set a briefing schedule relating to the regulation that LGI was challenging, set a date for oral argument, and stayed discovery. It did direct LGI to respond to the United States' outstanding initial discovery requests; LGI acknowledged its response to that initial discovery had been delayed, *inter alia*, because of European data privacy regulations. LGI believed that it would be able to provide the outstanding discovery by early October 2021. (Status Conf. Tr. 5., Doc. 31.)

5. LGI completed its document production to the United States' initial document requests on or about February 23, 2022, and it produced revised privilege logs on February 23, 2022.

6. The Court held oral argument on the question of the validity of the temporary Treasury regulations on February 25, 2022. At the conclusion of oral argument, counsel addressed the stay of discovery and the short time in which discovery could be resumed and in which experts could consider the record before submitting expert reports. The Court noted, "No worries. If we get to a point where it's going to go to trial and you don't have enough time to finish your discovery, we'll deal with that." (Oral Arg. Tr. 114, Doc. 45.)

7. After the Court issued its ruling in April 2022, the United States internally deliberated the Court's inquiry whether an interlocutory appeal may be appropriate, (*see, e.g.*, Oral Arg. Tr. 37, 105, 114, Doc. 45), but decided, when considering the standards for taking an interlocutory appeal pursuant to 28 U.S.C. § 1292(b), not to seek leave from the Court. The parties have also discussed the completion of discovery, a schedule for the submission of expert witness reports, and a procedure for bringing the case to completion.

8. The United States has advised LGI that, after review of the initial discovery, the United States will pursue substance-over-form arguments including the economic substance doctrine now codified at 26 U.S.C. § 7701(o)(1), which provides in relevant part:

> (o) Clarification of Economic Substance Doctrine – (1) Application of Doctrine. In the case of any transaction to which the economic substance doctrine is relevant, such transaction shall be treated as having economic substance only if (A) the transaction changes in a meaningful way (apart from Federal income tax effects) the taxpayer's economic position, and (B) the taxpayer has a substantial purpose (apart from Federal income tax effects) for entering into such transaction.

9. The codified economic substance doctrine thus contains an initial question, *i.e.*, whether the doctrine is relevant, before turning to the test whether the transactions at issue "change in a meaningful way" the taxpayer's economic position or whether taxpayer has a substantial non-tax business purpose. LGI contends that the transactions at issue in this case are of the type that Congress intended to recognize for tax purposes without regard to an inquiry into business purpose or economic effect.

10. To facilitate the parties' discussions, the United States provided a detailed

description of additional areas in which it believes discovery to be necessary. Given the length of time needed to navigate European data privacy and other constraints on LGI's ability to provide discovery, these requests were made on an informal basis so that the parties could discuss how best to efficiently complete discovery.

11. The parties have conferred several times about a plan for completing discovery that also allows sufficient time for obtaining and exchanging expert witness reports. In addition, the parties have discussed a process where they would present comprehensive stipulations so that any trial could be narrowly focused and less time would be required for trial than originally estimated.

12. However, LGI believes that any discovery on the economic substance issue is unnecessary. Rather than engaging in such discovery now—including depositions of foreign witnesses and the preparation of expert reports—LGI believes that it would be most efficient for the parties and the Court to resolve the question whether the economic substance doctrine is relevant and applicable to the transaction at issue. LGI submits that if the Court rules such issues are not relevant to the transactions' tax treatment, the scope of discovery would substantially narrow.

13. Therefore, LGI wishes to file a motion for partial summary judgment, and believes it is appropriate to stay discovery, at least as to the topics of economic substance and business purpose, while that motion is pending.

14. The United States had intended to proceed with discovery. It also notes that, in some circumstances, the question whether the economic substance doctrine is relevant to a transaction may involve mixed questions of law and fact. Thus, during the

parties' discussions, the Government noted that it wished to reserve its right to seek discovery or postpone a ruling under Fed. R. Civ. P. 56(d).  LGI acknowledges that possibility, but nonetheless believes that, even construing disputed facts in favor of the nonmoving party, obtaining a ruling by the Court would be helpful to the ultimate disposition of this case.  To that end, the United States agrees that to the extent LGI's intended motion is based on material facts that are not in dispute, a ruling on the relevancy question may facilitate the resolution of this case or its presentation for trial.

15.     The parties therefore jointly request that the Court (1) set a briefing schedule and date for oral argument on the relevancy question, (2) set a date for the completion of discovery and resolutions of any remaining discovery disputes, (3) set a date for the submission of expert witness reports, rebuttal reports, and corresponding depositions of the experts, and (4) set a new date for a 3-day bench trial.

16.     A proposed order is submitted herewith.  The parties recognize that the Court generally requires parties wishing to move for summary judgment to submit a notice of intent, with the opposing party to submit a response.  In light of their agreement to a proposed schedule, the parties ask that the Court treat this motion and notice as fulfilling these requirements.  However, the parties are available for a status conference or can submit additional notices should the Court wish to receive further details.

Respectfully submitted this 1st day of July, 2022.

/s/ Rajiv Madan
Rajiv Madan
Jessie Liu
Nathan Wacker
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, DC 20005
(202) 371-7020 (Madan)
(202) 371-7340 (Liu)
(202) 371-7182 (Wacker)
Raj.Madan@skadden.com
Jessie.Liu@skadden.com
Nathan.Wacker@skadden.com
*Attorneys for Plaintiff Liberty Global, Inc.*

Gregory S. Tamkin
tamkin.greg@dorsey.com
Dorsey & Whitney LLP
1400 Wewatta Street, Suite 400
Denver, CO 80202-5549
*Attorney for Plaintiff Liberty Global, Inc.*

DAVID A. HUBBERT
Acting Assistant Attorney General

/s/ Thomas J. Sawyer
Thomas J. Sawyer
E. Carmen Ramirez
Trial Attorneys
U.S. Department of Justice, Tax Division
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 514-8129 (Sawyer)
       (202) 616-2885 (Ramirez)
Fax: (202) 307-0054
Thomas.J.Sawyer@usdoj.gov
E.Carmen.Ramirez@usdoj.gov
*Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2022, I served a copy of the foregoing document by filing it through the Court's CM/ECF system, which will send an electronic copy to all counsel of record.

/s/ Rajiv Madan
**Rajiv Madan**
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, DC 20005
(202) 371-7020 (Madan)
Raj.Madan@skadden.com

*Attorney for Plaintiff Liberty Global, Inc.*