# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03501-RBJ

LIBERTY GLOBAL, INC.,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

JOINT LETTER RE: INTENT TO FILE CROSS-MOTIONS FOR SUMMARY JUDGMENT AND REQUEST FOR MODIFICATION OF SCHEDULE

---

    Liberty Global, Inc. (LGI) and the United States, in accordance with the Court's practice standards, respectfully jointly advise the Court that it is their intent to file cross-motions for summary judgment. In addition, the parties request that the schedule in the case be modified to accommodate that request. Most significantly, because the parties believe that the motions will render any trial unnecessary, the parties request that the October 16, 2023, trial date and other pre-trial deadlines be continued.

    First, the parties believe that cross-motions for summary judgment are appropriate. The remaining disputed issues in this case relate to the United States' contention that, under the economic substance and step transaction doctrines, LGI is not entitled to the tax refund that it seeks in this proceeding. The economic substance doctrine, as codified in 26 U.S.C. § 7701(o) provides, in relevant part:

> (o) Clarification of economic substance doctrine –
>     (1) Application of doctrine. – In the case of any transaction to which the economic substance doctrine is relevant, such transaction shall be treated as having economic substance only if—

    (A)  the transaction changes in a meaningful way (apart from Federal income tax effects) the taxpayer's economic position, and
    (B)  the taxpayer has a substantial purpose (apart from Federal income tax effects) for entering into such transaction.
 ***
 (5)  Definitions and special rules. – For purposes of this subsection—
  ***
    (C)  Determination of application of doctrine not affected. – The determination of whether the economic substance doctrine is relevant to a transaction shall be made in the same manner as if this subsection had never been enacted.

As the parties have described to the Court at prior conferences and in status reports, the United States had served requests for admission on LGI related to the economic substance doctrine and the step transaction doctrine and LGI has responded to these requests for admission. LGI does not contest the factual predicates for application of the economic substance doctrine and has also responded to the United States' requests relating to the interrelated nature of the steps of the transactions at issue. LGI maintains, as it did previously, that its defenses to the application of those doctrines are entirely legal, and it will not be raising any fact-based defenses.

In the United States' view, whether a particular transaction is subject to the economic substance doctrine requires an explanation of the facts and circumstances of the transaction. After concluding discovery, the parties believe that, while a complete description of facts surrounding the disputed transactions may be complex and require additional pages in a statement of facts even though LGI will not raise fact-based defenses, there is not a dispute about what took place. Thus, the parties believe that the nature of LGI's admissions in this case, coupled with facts obtained during discovery which do not appear to be in dispute, likely eliminate the need for a trial. Instead, the parties believe that the Court's decision on cross-

2

motions for summary judgment will resolve the dispute at the core of the case, leaving only computational issues that the parties believe can be resolved through stipulation. As is the case in many large tax cases, whether the Court decides the disputed issues in favor of the United States or LGI, the parties would work together to agree on tax computations that implement the Court's decision and would submit a proposed judgment of the Court. The parties anticipate that would become a final judgment of Federal Rule of Civil Procedure 54, appealable by either party.

Second, while the parties are available to discuss further scheduling matters in this case with the Court, the parties suggest the following briefing schedule to be appropriate:

- Simultaneous opening briefs: [July 28], 2023 (35 pages)
- Answering briefs: [August 31], 2023 (15 pages)
- Oral argument: Date to be set by the Court (or October 16, 2023, the current trial date)

While the parties believe the above briefing schedule is the most practicable approach to resolving this matter, the parties recognize that Local Rule 56.1 provides that a "cross motion for summary judgment shall be filed as a separate motion," and that, in those circumstances, this Court's practice standards would provide for opening (20 pages), answering (20 pages) and reply (10 pages), thus leading to the filing of six briefs. The parties will accommodate that process if the Court prefers. The parties also recognize that the timing of the briefing and page limits that they propose do not comport with the Court's practice standards applicable to most cases, but suggest that a description of the facts and circumstances of the transactions, the complexity of legal issues, and the amount at stake warrant these modifications.

Third, the parties request that the Court vacate the remaining deadlines from its schedule:

- Expert disclosures: June 16, 2023

3

- Rebuttal expert disclosures: July 21, 2023
- Expert witness discovery: August 18, 2023
- Trial preparation conference: September 29, 2023
- 5 day bench trial: October 16, 2023

The parties suggest that after the Court rules on the cross-motions, it schedule a status conference with respect to proceeding to a final judgment in this matter or to schedule further proceedings, including further expert discovery, if the Court were to determine that it believes specific issues must be resolved at trial.

Respectfully submitted this 15th day of June, 2023.

| | |
|---|---|
| */s/ Rajiv Madan*<br>**Rajiv Madan**<br>Nathan Wacker<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>1440 New York Avenue, N.W.<br>Washington, DC 20005<br>(202) 371-7020 (Madan)<br>(202) 371-7182 (Wacker)<br>Raj.Madan@skadden.com<br>Nathan.Wacker@skadden.com<br>*Attorneys for Plaintiff Liberty Global, Inc.*<br><br>Gregory S. Tamkin tamkin.greg@dorsey.com<br>Dorsey & Whitney LLP<br>1400 Wewatta Street, Suite 400<br>Denver, CO 80202-5549<br>*Attorney for Plaintiff Liberty Global, Inc.* | DAVID A. HUBBERT<br>Deputy Assistant Attorney General<br>*/s/ Isaac Hoenig*<br>Thomas J. Sawyer<br>E. Carmen Ramirez<br>Isaac Hoenig<br>Trial Attorneys<br>U.S. Department of Justice, Tax Division<br>P.O. Box 683, Ben Franklin Station<br>Washington, D.C. 20044<br>Tel: (202) 514-8129 (Sawyer)<br>(202) 616-2885 (Ramirez)<br>(202) 307-5963 (Hoenig)<br>Fax: (202) 307-0054<br>Thomas.J.Sawyer@usdoj.gov<br>E.Carmen.Ramirez@usdoj.gov<br>Isaac.M.Hoenig@usdoj.gov<br>*Attorneys for the United States of America* |

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2023, I served a copy of the foregoing document by filing it through the Court's CM/ECF system, which will send an electronic copy to all counsel of record.

*/s/ Rajiv Madan*
**Rajiv Madan**
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, DC 20005
(202) 371-7020 (Madan)
Raj.Madan@skadden.com

*Attorney for Plaintiff Liberty Global, Inc.*